IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| **ENRON NIGERIA POWER HOLDING, LTD.,** § | | |
| Plaintiff § | | |
| § | | |
| v. § | No. _____ | |
| § | Miscellaneous Proceeding | |
| **FEDERAL REPUBLIC OF NIGERIA,** § | | |
| Defendant § | | |

**PETITION TO REGISTER AND ENFORCE JUDGMENT
OF ENRON NIGERIA POWER HOLDINGS, LTD.**

ENRON NIGERIA POWER HOLDINGS, LTD. ("ENPH" OR "Plaintiff") files this Petition to Register and Enforce Judgment against the FEDERAL REPUBLIC OF NIGERIA ("Nigeria" or "Defendant"), and in support shows as follows:

**PARTIES**

1. ENPH is a limited liability company incorporated in the Cayman Islands. Its registered office is located at Clifton House, 75 North Street, George Town, Grand Cayman, Cayman Islands.

2. Nigeria is a sovereign foreign government which engages in commercial business dealings within the United States. Nigeria may be served, if required, in accordance with § 1608(a)(3), by any form of mail requiring a signed receipt, addressed to The Honorable Foreign Minister, Federal Republic of Nigeria, C/O Ministry of Foreign Affairs, Tafawa Balewa House, Federal Secretariat, Central District Abuja, FCT. Suburb FCT. 234, Nigeria.

**JURISDICTION**

3. This Court has subject matter jurisdiction over this proceeding pursuant to 28

U.S.C.§ 1330(a), 28 U.S.C. § 1331, and 9 U.S.C. § 203.

4. This Court has personal jurisdiction over Nigeria pursuant to 28 U.S.C. § 1330(b).

5. Nigeria waived its sovereign immunity[1] in the contract that is the basis for the underlying arbitration and District Court judgment: the 6 December 1999 Power Purchase Agreement for Electricity Generating Facilities in Lagos, Nigeria (the "PPA")[2] by and among ENPH, Lagos State Government, the National Electric Power Authority of Nigeria. *See* 28 U.S.C. § 1605(a)(6)(B). Specifically, Nigeria,

> for itself and its respective instrumentalities and affiliates unconditionally and irrevocably agree[d] that:
>
> 25.1 its obligations under [the PPA] … constitute private and commercial acts rather than public or governmental acts;
>
> 25.2 to the extent that it may in any jurisdiction claim for itself or its assets or revenues immunity from suit, execution, attachment (whether in aid of execution, before judgement or otherwise) or other legal process and to the extent that any such jurisdiction there may be attributed to it or its assets revenues such immunity (whether or not claimed), it shall not claim, and it irrevocably waives, such immunity to the full extent permitted by the laws of such jurisdiction….[3]

6. Additionally, this case falls within 28 U.S.C. § 1605(a)(6)(B)'s exception to sovereign immunity for any action brought to confirm an arbitration award that "is or may be governed by a treaty or other international agreement in force for the United States calling for the recognition and enforcement of arbitral awards." *See* The Convention on the Recognition and Enforcement of Foreign Arbitral Awards, June 10, 1958, 21 U.S.T. 2517 (the "New York Convention").

---

[2] ***Exhibit A*** hereto is a true and correct copy of the PPA. See Clause 25.2, p. 65.

[3] **Id**.

## VENUE

7. Venue is proper in the District Court for the Southern District of Texas under 28 U.S.C.§ 1391 (f)(l) because ENPH believes that Nigeria has property within the Southern District of Texas and under 28 U.S.C. § 1963, a judgment for the recovery of money may be registered in any district.

## THE JUDGMENT TO BE REGISTERED

8. Following arbitration proceedings in London, England that began in 2006 and ended in 2012, a panel of the International Chamber of Commerce rendered its Final Award[4] in favor of ENPH and against Nigeria.

9. After Nigeria failed to satisfy the Final Award, ENPH initiated proceedings in the United States District Court for the District of Columbia (the "Trial Court") to confirm the Final Award as a Final Judgment. The Court granted ENPH's Petition to confirm the award on October 15, 2015 in its Opinion and Order.[5]

10. The United States Court of Appeals affirmed[6] the Confirmation Order.

11. On April 26, 2017, the Trial Court entered judgment[7] awarding Plaintiff a monetary judgment.

---

[4] A true and correct copy of the Order confirming the Final Award in ICC Case No. 14417/EBS/VRO/AGF, *Between Enron Nigeria Power Holdings, Ltd. v. Federal Republic of Nigeria, et al*, (ICC Court of International Arbitration, 19 November 2012) is attached hereto as **Exhibit B**.

[5] *Enron Nigeria Power Holdings, Ltd. v. Federal Republic of Nigeria*, Case No. 13-cv-01106 (D.D.C. October 16, 2015). A true and correct copy of the Opinion and Order (the "Confirmation Order" is attached hereto as **Exhibit C**.

[6] *Enron Nigeria Power Holdings, Ltd. v. Federal Republic of Nigeria*, Case No. 15-7121 (D.C. Cir. December 27, 2016). A true and correct copy of the Court of Appeal's opinion is attached hereto as **Exhibit D.**

[7] True and correct copies of the Clerk's Certification of a Judgment to be Registered in Another District and the certified judgment in *Enron Nigeria Power Holdings, Ltd. v. Federal Republic of Nigeria*, Case No. 13-cv-01106 (D.D.C. April 26, 2017) is attached hereto as **Exhibit E**.

10. On August 21, 2017, the Trial Court granted[8] ENPH's June 21, 2017 Rule 60(a) Motion to Correct Judgment and corrected the language concerning prejudgment interest so that it included the calculation of interest up to the time of judgment. As amended, the judgment now reads as follows:

> **ORDERED** that Plaintiff is awarded a monetary judgment in the amount of: (1) $11,220,000 in damages, plus simple interest of $7,509,114.55; (2) $1,142,573.61, the equivalent of £718,147 as of November 19, 2012, in legal fees and cost and expenses ENPH incurred in connection with the arbitration; (3) $870,000 for costs ENPH paid the International Commerce Commission towards the costs of arbitration; and (4) $562,202.42 in prejudgment interest covering the period of November 20, 2012 through April 25, 2017.

11. The Trial Court's adjudication of the amount of Plaintiff's attorney's fees is pending, but the underlying judgment is final for purposes of enforcement.

12. On information and belief, Nigeria has assets located in the Southern District of Texas which are subject to execution pursuant to 28 U.S.C. § 1610(a)(1) & (6).

### RELIEF REQUESTED

13. ENPH seeks registration of the judgment of the District Court for the District of Columbia in this District and enforcement of the award pursuant to Article III of the New York Convention. Article III provides that each contracting state, which includes the United States, shall recognize arbitration awards as binding and enforce them.

Wherefore, ENPH asks that this Court register the judgment of the District Court for the District of Columbia, and for all other relief to which it may show itself entitled.

Submitted this 8th day of September 2017.

---

[8] True and correct copies of the Clerk's Certification of a Judgment to be Registered in Another District of the Amended Judgment and the certified Amended Judgment in *Enron Nigeria Power Holdings, Ltd. v. Federal Republic of Nigeria*, Case No. 13-cv-01106 (D.D.C. August 21, 2017) is attached hereto as **Exhibit F**.

Respectfully submitted,

/s/*Kenneth Royce Barrett*
KENNETH R. BARRETT
3740 Greenbriar #541873
Houston, Texas 77254
Phone: 281433-0837
Fax: 346 980-4615
SDTX: 12045
SBOT: 01812200
E:KennethRoyceBarrettLaw@yahoo.com